UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. GONZALES, et. al.,<br><br>　　　　　Defendant. | No. 2:15-cv-01896 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed two applications to proceed in forma pauperis under 28 U.S.C. § 1915. ECF Nos. 2 & 6.

**I.    Application to Proceed In Forma Pauperis**

The court has reviewed the second of plaintiff's applications (ECF No. 6) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). Plaintiff's other application (ECF No. 2) will be denied as moot.

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Order

The allegations in this complaint arise out of incidents which occurred in 2010. ECF No. 1 at 11-12. Plaintiff states that these same incidents formed the basis of a previous complaint filed in this district. See Patkins v. Gonzales, 2:10-cv-03440 KJM DAD, ECF No. 1. This earlier complaint was dismissed without prejudice because it sought to challenge the fact or basis of plaintiff's confinement and, as such, was barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). See Patkins v. Gonzales, 2:10-cv-03440 KJM DAD, ECF Nos. 9, 13, & 31. Plaintiff's new complaint now casts these incidents as First and Fourteenth Amendment violations and requests monetary damages. ECF No. 1 at 14.

After review of the complaint and the procedural history of these claims, it is apparent that these claims are barred by the statute of limitations.[1] The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the injury that is the basis of his action – typically the date on which the injury actually occurs. See Ward v. Westinghouse Can., 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). California courts have read out the "less than life" limitation. See Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004). Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit.

The latest injury alleged in the complaint occurred on May 20, 2010. ECF No. 1 at 12.

---

[1] Although the statute of limitations is an affirmative defense that normally is not raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

3

This action was not filed until September 8, 2015 – well outside the four year statute of limitations. The court notes that plaintiff's previous case in this district which arose out of these same injuries was dismissed without prejudice and, therefore, does not toll the statute of limitations. This is because California treats an action dismissed without prejudice as if "no action had been brought", unless otherwise specified by statute. See Wood v. Elling Corp., 20 Cal. 3d 353, 359 (1977). Nor does federal law provide any tolling relief. "[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).

There is an added complication in this case. Included among the numerous exhibits to plaintiff's complaint is a state habeas decision from the Amador County Superior Court dated February 5, 2015. ECF No. 1 at 81. The decision denies plaintiff's requested habeas relief (id.) and is followed in the exhibit list by a subsequent, summary denial by the California Court of Appeal for the Third Appellate district dated February 26, 2015. Id. at 83. In some circumstances, equitable tolling may apply where a plaintiff has spent time pursuing remedies in a different forum before filing in federal court. See Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) ("[u]nder equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum"). The current complaint is not saved by the state habeas petition, however. The superior court's denial indicates that plaintiff filed his state habeas petition on December 17, 2014. ECF No. 1 at 81. This date is more than four years past the May 2010 date for his latest alleged injury in this action and, thus, it appears that his claims were already barred at the time he filed the petition.

The court will not dismiss this action immediately. Instead, plaintiff will be given an opportunity to respond to this order and show why his claims should not be dismissed as time barred. He should respond to this order within twenty-one days of the date of its filing.

////

////

4

### IV. Summary of the Order

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that your claims are filed too late, after the deadline created by the statute of limitations. In California, prisoners have four years to bring a personal injury action. Your claims are based on things that happened in 2010, and therefore appear to be past the limitations period. Your claims have not been dismissed yet, however. You are being given an opportunity to respond to this order and explain why your claims are either: (1) not more than four years old, measured from the time you filed this complaint; or (2) are more than four years old measured from the time you filed this complaint, but are timely anyway based on some theory of tolling. You have twenty-one days from the date this order is entered to file your response.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is granted and his application to proceed in forma pauperis (ECF No. 2) is denied as moot.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Within twenty-one days of this order's entry plaintiff should respond to this order and show cause why his claims should not be dismissed as barred by the statute of limitations.

DATED: May 5, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE